**Opinion filed January 20, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00225-CV

_____

## IN THE INTEREST OF D.M., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 7963-CX**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court appointed the Department of Family and Protective Services as the permanent managing conservator of D.M. The mother, who was appointed as a possessory conservator with limited possession, filed a notice of appeal. We dismiss the appeal.

The mother's court-appointed appellate counsel has filed a motion to withdraw and a supporting brief in which she professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel

Op.] 1978). In light of a recent holding by the Texas Supreme Court, however, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016). The court in *P.M.* stated that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.*

Appellant's counsel provided Appellant with a copy of the brief, the motion to withdraw, and an explanatory letter. Counsel also informed Appellant of her right to review the record and file a pro se response to counsel's brief. In compliance with *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014), counsel provided Appellant with a copy of the reporter's record and the clerk's record. We conclude that Appellant's counsel has satisfied her duties under *Anders*, *Schulman*, and *Kelly*.

Appellant filed a pro se response to counsel's *Anders* brief. Of note in her response are statements by Appellant that she "was never given, nor offered legal representation" and "was never allowed to defend" herself. The record reveals otherwise. The trial court appointed an attorney ad litem for Appellant on December 1, 2015, almost eight months before the final hearing, and Appellant was represented by a court-appointed attorney at the final hearing.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. However, in light of *P.M.*, we deny the motion to withdraw that was filed by Appellant's court-appointed counsel on appeal. *See P.M.*, 2016 WL 1274748, at *3.

Counsel's motion to withdraw is denied, and the appeal is dismissed.

January 20, 2017                                        PER CURIAM

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.